RECEIVED
USDC CLERK, CHARLESTON, SC

2005 SEP 21  P 4: 40

United States District Court
District of South Carolina

| | | |
|---|---|---|
| Herbert T. Bowens; | ) | C/A No. 9:05-2396-DCN-GCK |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Sheriff Al Cannon, Jr., Chas. County Sheriff; Doctor Pienning, Correct Care Solutions; and National Commissions of Healthcare; | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

The Plaintiff, Herbert T. Bowens (hereafter, the "Plaintiff), is a state prisoner proceeding *pro se*. He seeks relief pursuant to Title 42 United States Code §1983. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff is a pre-trial detainee in custody of the Charleston County Detention Center (CCDC). His Complaint contains seven pages of narration, the significant points of which are as follows:

> On July 8, 2005, a fellow inmate attacked him with a pencil during a quarrel, as a result of which Plaintiff sustained a stab wound in his left hand;
> Immediately following the incident, Plaintiff was taken to the medical staff and examined by a nurse, who cleaned the wound and provided him with Ibruprofen 600mg;
> From July 11th through July 18th Plaintiff daily noted "attempt to signup for sickcall but receive no response" other than instructions to rinse the wound and taken pain medicine;
> On July 18th "when the nurse came" the Plaintiff was advised to continue taking pain medicine;

1

On July 19th – when the nurse noted infection – the Plaintiff was seen by a physician and transported to the Medical University of South Carolina (MUSC) where antibiotics were prescribed;
On July 25th the prescription was increased during another visit to MUSC where Plaintiff also was given a tuberculosis test;
On July 27th Plaintiff's prescription ended, and he resumed taking pain medication;
On August 1st surgery was performed on his hand during which fragments of wood and pencil lead were removed;
On August 4th the Plaintiff again visited MUSC where his dressing was changed, he received a new prescription and directions were sent to CCDC to regularly clean his hand and change the dressing;
From August 5th through August 7th CCDC personnel "still weren't complying with doctor's orders" according to Plaintiff;
On August 8th and 11th Plaintiff made follow-up visits to MUSC and received additional antibiotics and pain medication.

[1-1, pp. 1-6.] In his initial Complaint, Plaintiff did not indicate the relief which he sought from this Court.

On August 25, 2005, the undersigned filed an order directing Plaintiff to bring this action into "proper form" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, by filing financial information and service papers. [Document #3.] On September 9, 2005, Plaintiff partially complied with the order by filing a statement that he had no financial assets. [Document #4.] As part of this filing, Plaintiff added a claim in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) as damages from the Defendants. Plaintiff also sought to add as Defendants Pam Caldwell of Correct Care Solutions.

## *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by

2

attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## FAILURE TO STATE A CLAIM

With respect to medical and health needs, such as here alleged, Plaintiff must show deliberate indifference to a serious need. Wilson v. Seiter, 501 U.S. 294 (1991); Estelle v. Gamble, 429 U.S. 97 (1977). Cases under this heading cover diverse circumstances, ranging from suicide prevention to medical emergencies to provision of wheelchairs or crutches. Consistently, however, the test has been one of deliberate indifference. Grayson v. Peed, 195 F. 3d 692 (4th Circ. 1999); Shakka v. Smith, 71 F. 3d 162 (4th Circ. 1995); Davis v. Hall, 992 F. 2d 151 (8th Circ. 1993); Hill v. Nicodemus, 979 F. 2d 987 (4th Circ. 1992); Gray v. Spillman, 925 F. 2d 90 (4th Circ.1991) Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).

In his own words, Plaintiff acknowledges that the Defendants examined his hand immediately after the incident. Plaintiff apparently was not satisfied with the diagnosis made nor with the medical advice to take pain killers and to rinse the wound during the following ten days. According to Plaintiff, when seen by a physician (evidently Defendant Pienning), he was immediately referred to MUSC. According to Plaintiff, he was seen for follow-up at MUSC on four subsequent occasions. While Plaintiff in general terms contends that the Defendants failed

3

to follow MUSC instructions, his allegations suggest that his condition was being followed at MUSC and eventually a surgical procedure removed the wood and lead fragments from his hand. Plaintiff does not allege that the Defendants obstructed him in receiving follow-up care. He does not allege that he has suffered any permanent injury. Finally, with regard to Defendant Cannon, Charleston County Sheriff, he makes no factual claims at all.

Plaintiff fails to allege inattention to serious medical need. Shakka v. Smith, 71 F. 3d 162 (4th Circ. 1995); Strickler v. Waters, 989 F. 2d 1375 (1993). He simply disagrees with the initial diagnosis at CCDC and/or perceives that CCDC medical staff did not treat his injury as seriously as he felt they should. Negligent medical treatment, even if such is assumed to have occurred in this case, is not a violation of constitutionally protected rights. Estelle v. Gamble, supra; Johnson v. Quinones, 145 F. 3d 164 (4th Cir. 1998).

Plaintiff's complaints, under settled precedents, are of no constitutional moment. This is especially so since the Supreme Court requires a "sufficiently culpable state of mind" on the part of defendants. Wilson v. Seiter, 501 U.S. 294 (1991), Johnson v. Quinones, supra. Plaintiff fails to state a claim upon which relief may be granted.

## §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v.

4

Kyle, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless. Denton, supra. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

## RECOMMENDATION

The Defendant should not be required to answer this Complaint. It is therefore recommended that the within Complaint be dismissed without prejudice and without issuance or service of process. Plaintiff's attention is directed to the Notice on the following page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

September 21, 2005
Charleston, South Carolina

5

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
901 Richland Street
Columbia, South Carolina 29201
